

FILED
MAR 24 2017
Clerk, U S District Court
District Of Montana
Billings

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT COTNER,<br><br>Plaintiff,<br><br>vs.<br><br>KNOWN AND UNKNOWN DRUG CARTEL MEMBERS, et al.,<br><br>Defendants. | CV 17-00040-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

Plaintiff Robert Cotner, a prisoner confined in Oklahoma, proceeding without counsel, filed an affidavit for forma pauperis (Doc. 1) and a document entitled "R.I.C.O./ Qui-tam-National Security - Notice - Under 18 U.S.C. § 1512; 42 U.S.C. § 1985 and to Recover $2.9 Billion" (Doc. 2). Mr. Cotner does not appear to have any relationship to the District of Montana, but does allege that a multi-jurisdictional criminal racketeering enterprise is flooding Montana with illegal drugs. (Doc. 1 at 1.) Based upon Mr. Cotner's filing history, it is recommended that his motion to proceed in forma pauperis (Doc. 1) be denied and the action be dismissed.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Cotner has a long history of filing frivolous actions in federal courts. The Tenth Circuit Court of Appeals has referred to Mr. Cotner as "another of the prodigious pro se filers who regularly inundate this and the federal district courts with repetitive and largely frivolous filings." *Cotner v. State of Okla. ex rel. County of Creek*, 74 F.3d 1248 (Table), 1996 WL 6602, *1 (10th Cir. 1996)(unpublished op.)(*citing Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986)).

According to a March 7, 2016 Report and Recommendation from the Western District of Oklahoma, Mr. Cotner is subject to filing restrictions in the Western District of Oklahoma, the Tenth Circuit Court of Appeals, the Supreme Court, and the Oklahoma Court of Criminal Appeals because of his numerous, frivolous filings. *See Cotner v. Bear,* Civil Action No. 16-195-HE, Doc. 9 (W.D.Ok. March 7, 2016) citing *Cotner v. Boone*, 530 U.S. 1271 (2000) (restricting Mr. Cotner from filing further petitions for writ of certiorari in civil matters unless he has paid a docketing fee and submitted the petition in

compliance with Supreme Court Rule 33.1); *Cotner v. Boone*, 48 Fed.Appx. 287, 290 (10th Cir. 2002)(unpublished op.)(establishing filing restrictions in original habeas actions filed in circuit court or appeals from the denial of a habeas petition); *Cotner v. Nichols*, No. 95-5087, 1995 WL 649734, at *1 n. 3 (10th Cir. 1995)(unpublished op.)(upholding district court's imposition of filing restrictions and noting Mr. Cotner has filed "at least forty-four actions in the last twenty years" and that the cases "typically involved frivolous motions and ignored procedural requirements"); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986) (affirming imposition of sanctions in civil rights actions); *Cotner v. Creek County Dist. Court*, 911 P.2d 1215, 1218, 1221 (Okla. Crim. App. 1996).

As noted by the United States District Court for the District of New Jersey in 2009, "[a]n examination of court records reveals plaintiff has filed numerous civil actions in various federal courts. More than three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A." *Cotner v. F.B.I.*, No. 09–4229, 2009 WL 3335063, *1 (D.N.J. Oct. 15, 2009). The New Jersey District Court further quoted from an unpublished decision from the United States District Court for the Eastern District of Oklahoma, which stated: "[t]he court previously has set forth the numerous instances in which plaintiff's civil rights actions have been dismissed as frivolous or malicious or for failing to state a claim upon which

relief may be granted . . . . He also has filed at least 45 actions in the United States District Court for the Northern District of Oklahoma, and several similar cases in the Western District of Oklahoma." *Id.* (*quoting Cotner v. Anderson*, et al., Case No. 08–284 (Dkt. no. 4, E.D.Okla. July 31, 2008) (citations omitted)).

Mr. Cotner has far exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Even when construed liberally in Mr. Cotner's favor, the allegations in his Complaint do not support a credible finding that he is in "imminent danger of serious physical injury." He states that a large amount of cocaine and meth is coming into Montana, and alleges that the inclusion of too many additional details could subject himself, 3 federal judges, and other federal employees to harm. (Doc. 2 at 1.) But he provides no specific information to plausibly suggest that he is in imminent danger of serious physical injury.

While ordinarily litigants are given a period of time to pay the full filing fee of $400.00, Mr. Cotner should not be allowed to do so in this case given his abusive litigation practices. With his extensive litigation history, he should have

known that he could not submit additional complaints without payment of the filing fee or demonstrating imminent danger of serious physical harm.

Mr. Cotner is not entitled to a ten-day period to object. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

Mr. Cotner's Motion to Proceed in Forma Pauperis (Doc. 1) should be DENIED pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 24 day of March, 2017.

Timothy J. Cavan
United States Magistrate Judge